PENINSULAR STOVE CO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

FRANCHISE TAX—*Refund when paid under mistake of fact. No liability.*
Where the franchise tax has been paid through a mistake made by claimant
in its annual report, the State is not liable for a refund of the tax paid,
although paid under protest.

SOCIAL JUSTICE AND EQUITY—*award may be made.* An award may be
made to claimant for refund of a franchise tax paid under a mistake of fact,
on grounds of equity and social justice.

PRINGLE & TERWILLIGER, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON,
Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, Peninsular Stove Company, a corporation,
files its declaration herein setting forth that the State of
Illinois is indebted to said claimant in the sum of $2,604.37,
same being for refund of franchise tax, due to mistake of
fact in said claimant's annual report for 1923. The State of
Illinois, by Oscar E. Carlstrom, demurs to the declaration,
which, as a matter of law, is sustained.

From the stipulation of facts agreed upon, between the
parties hereto, by their respective attorneys, it appears that
the following shall be taken and considered by the court as
the facts of the case, to the same extent as if proved by evi-
dence produced before the court:

1. The claimant, the Peninsular Stove Co., is a corpora-
tion organized under the laws of the State of Michigan, and
has its principal office and factory in the City of Detroit, in
the State of Michigan; the said corporation, during and pre-
vious to the year 1922, and continuously since that time, has
complied with all the laws of the State of Illinois in relation
to the right of a foreign corporation to transact business in
the State of Illinois, and was and is authorized to transact
business in the State of Illinois; on and subsequent to June
1, 1922, it maintained and operated in the City of Chicago, in
the said State, a warehouse for the distribution of its prod-
ucts in the City of Chicago and adjacent territory.

2. On or about the 27th day of February, 1923, the claim-
ant filed with the Secretary of State of Illinois its annual

report as a foreign corporation, in accordance with the laws of the State of Illinois, relating to the determination and assessment of annual franchise taxes; in its said annual report, through the inadvertence and mistake of fact of the employee of the claimant in preparing said report, it was stated erroneously in answer to interrogatory 6 of said report, that the authorized capital stock of the claimant was 300,000 shares of stock of no par value, but the truth is that said claimant did not at said time, and never has had any shares of capital stock of no par value. The authorized capital stock of the said claimant in 1922, and at all other times since, was $3,000,000.00, divided into 300,000 shares of the par value of $10.00 each.

3. By reason of the mistake of fact of the claimant's employee in making up the said annual report, the Secretary of State of Illinois, in determining and assessing the claimant's annual franchise tax for the year 1923, found and considered from the said annual report that the total authorized capital stock of the claimant, computing the said 300,000 shares of stock of no par value at $100.00 per share, amounted to $33,-000,000.00, and on the basis of such erroneous authorized capitalization, fixed and assessed claimant's annual franchise tax at the sum of $1686.46, and further fixed and assessed an additional initial incorporation fee on an alleged additional $2,193,-110.00 of its capital stock employed in the State of Illinois, such additional fee amounting to $1,086.55.

4. The claimant never in fact employed in the State of Illinois more than $1,199,820 of its authorized capital stock. It had previous to 1922 duly paid to the Secretary of the State of Illinois the proper initial incorporation fee on the said portion of its authorized capital stock employed in the State of Illinois. The finding of the Secretary of State of Illinois of an additional $2,173,110.00 of the capital stock of the claimant employed in Illinois was due to the mistake of fact of the claimant's employee hereinabove mentioned; the claimant was not in fact indebted to the State of Illinois in any further sum on account of initial fees on its capital stock employed in the State of Illinois.

5. The correct and legal annual franchise tax of the claimant for the year 1923, based on its actual authorized capital stock of $3,000,000.00 and upon the proportion thereof actually employed in the State of Illinois was $168.64.

6. The claimant filed correct annual reports for the years 1920, 1921 and 1922, and the franchise taxes assessed thereon in said years, respectively, were $369.31, $316.03, $316.03.

7. The claimant did not discover the said mistake of fact in its annual report until on or about the 26th day of July, 1923, on which date it made complaint to the honorable Secretary of the State of Illinois against annual franchise tax and additional initial fee assessed against it by the Secretary of State under and on the said report, and requested the said Secretary of State to review and correct the said taxes and fees, but the said Secretary of State was at that time without authority in law to review and make any change in the said assessments, and the said Secretary of State so advised the said claimant, and thereupon the said Secretary of State demanded of the claimant the immediate payment of the said entire tax and initial fee so erroneously assessed and determined against the claimant, and threatened that if the same were not paid by July 31, 1923, the penalties provided by the laws of the State of Illinois for non-payment of such taxes and fees would be inflicted upon and collected from the claimant.

8. The claimant had reason to believe, and did believe, that the Secretary of State would inflict or cause to be inflicted upon claimant the penalties provided by law for non-payment of such taxes and fees, if it did not pay the same on or before July 1, 1923, and thereon on the 31st day of July, 1923, in order to escape the said threatened penalties, the claimant paid, under protest, to the Secretary of State of Illinois, the amount of said annual franchise taxes and additional initial fee, amounting together to the sum of $2,773.01.

9. The said sum of $2,773.01 so paid under protest by the claimant to the said Secretary of said State of Illinois was by him afterwards duly paid into the treasury of the State of Illinois.

10. The claim of the claimant herein has never been presented to any other State department or State officer, or to any person, corporation or tribunal, and the claimant has never received any payment on account of its claim for such overpayment of said annual franchise taxes and additional initial fee; no other person or corporation has any interest in its said claim.

11. The sum so paid by the claimant to the Secretary of State of Illinois for said annual franchise tax and additional

initial fee, due to the mistake of fact in its said annual report for 1923, amounted to the sum of $2604.37 over and above the correct and legal annual franchise tax of the claimant for the said year of 1923.

The court finds that, as a matter of equity and social justice, an award should be made in this case, and it therefore awards the claimant the sum of $2,604.37.